United States District Court
Southern District of Texas
**ENTERED**
March 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPH E. KIGGUNDU, § § Plaintiff, § § v. § THE BANK OF NEW YORK § MELLON F/K/A THE BANK OF § NEW YORK, AS TRUSTEE FOR § CWALT 2006-35CB *and* § BAYVIEW LOAN SERVICING, § LLC, § § Defendants. § | Civil Action No. 4:18-CV-1455 |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss and Motion for Sanctions (Document No. 6). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted.

### I. BACKGROUND

This is a mortgage foreclosure case concerning the property located at 8607 Aldeburgh Court, Spring, Texas 77379 ("Property"). On October 13, 2006, Plaintiff Joseph E. Kiggundu ("Kiggundu") executed a promissory note ("Note") and a deed of trust ("Deed of Trust") in favor of America's Wholesale Lender. Defendant Bank of New York Mellon formerly known as The Bank of New York, as Trustee for

CWALT 2006-35CB ("BONYM") is in physical possession of the Note and Deed of Trust. Bayview Loan Servicing, LLC ("Bayview") is the current loan servicer of the Note on behalf of BONYM (collectively, "Defendants").

A.    *The First Suit*

On March 23, 2011, Kiggundu filed a lawsuit against Mortgage Electronic Registration Systems, Inc., and MERSCorp (collectively, "MERS"), Bank of New York Mellon, Bank of America/BAC Home Loans Servicing, L.P. (f/k/a Countrywide Bank), Real Time Solutions, Barret Daffin Frappier & Engel, LLP, Rex Kessler, T. Reder, J. Follis, and N. Sanchez (collectively, "First Suit Defendants") in the United States District Court for the Southern District of Texas, Houston Division ("District Court"). Kiggundu brought claims alleging that BAC Home Loans Servicing, L.P., MERS, and America's Wholesale Lender were attempting to foreclose on the Property without lawful authority ("First Suit"). On June 30, 2011, the District Court granted summary judgment in favor of First Suit Defendants and issued a final judgment. BAC Home Loans Servicing, L.P., subsequently began foreclosure proceedings on the Property.

*B.     The Second Suit*

On April 4, 2013, Kiggundu filed a lawsuit against Alternative Loan Trust 2006-35CB[1] in the 80th Judicial District Court of Harris County, Texas, alleging that Alternative Loan Trust 2006-35CB was attempting to foreclose on the Property without lawful authority. On April 23, 2013, Kiggundu filed a lawsuit against Bayview in the 55th Judicial District Court of Harris County, Texas, alleging that Bayview was attempting to foreclose on the Property without lawful authority. On April 26, 2013, the lawsuit against Alternative Loan Trust 2006-35CB was removed to District Court, and on May 13, 2013, the lawsuit against Bayview was also removed to District Court. The two removed lawsuits were consolidated under one cause number in District Court ("Second Suit"). On May 28, 2013, the District Court dismissed the Second Suit with prejudice on the basis of res judicata. Bayview subsequently began foreclosure proceedings on the Property.

---

[1] The defendants in the Second Suit alleged that the correct name of the defendant in that suit was "The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-35CB, Mortgage Pass-through Certificates, Series 2006-35CB." *See Defendants' Motion to Dismiss and Motion for Sanctions*, Document No. 6, Exhibit E at 1 (*Defendants' Corporate Disclosure Statement dated May 1, 2013*).

3

C.   *The Third Suit*

On January 22, 2015, Kiggundu filed a lawsuit against CWHEQ, Inc., and CWALT, Inc.,[2] in the 345th Judicial District Court of Travis County, Texas, alleging that CWHEQ, Inc., and CWALT, Inc., were attempting to foreclose on the Property without lawful authority ("Third Suit"). On February 26, 2016, the Third Suit was removed to the United States District Court for the Western District of Texas, Austin Division. On June 30, 2011, the District Court for the Western District of Texas dismissed the Third Suit with prejudice on the basis of res judicata and sanctioned Kiggundu as a vexatious litigant. The loan servicer subsequently began foreclosure proceedings on the Property.

D.   *The Pending Suit*

On April 30, 2018, Kiggundu, proceeding *pro se*, filed this lawsuit in the 157th Judicial District Court of Harris County, Texas. On May 7, 2018, Defendants timely removed the case to this Court ("Pending Suit"). On June 28, 2018, Defendants moved to dismiss the Pending Suit.

---

[2] The defendants in the Third Suit alleged that the correct names of the defendants were "CWHEQ Inc., Home Equity Loan Asset-Backed Certificate Series 2006-S10" and "CWALT Inc., Alternative Loan Trust 2006-35CB, Mortgage Pass-Through Certificate, Series 2006-35CB." *Defendant's Motion to Dismiss and Motion for Sanctions*, Document No. 6, Exhibit F at 1 n.1 (*Order dated November 2, 2016*).

4

## II. STANDARD OF REVIEW

*A.     Motion to Dismiss*

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

5

B.  *Res Judicata*

Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c). Generally summary judgment is the proper standard for determining whether a claim should be dismissed based on res judicata. *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (quoting *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 570 & n.2 (5th Cir. 2005)). This is because a court must accept all facts in the complaint as true and cannot look beyond the pleadings when determining a Rule 12(b)(6) motion. *Id.* Under Federal Rule of Evidence 201, Courts may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts are allowed to take judicial notice of matters of public record when deciding a Rule 12(b)(6) motion to dismiss; therefore, "if, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall*, 305 F. App'x at 227–28 (citing *Kansa Reinsurance Co. Ltd. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, the Court finds that the facts pleaded in Kiggundu's petitions, along with the pleadings and prior court orders, are adequate to determine the sufficiency of the res judicata affirmative defense.[3]

---

[3] The Court takes judicial notice of the pleadings and judgments entered in the First, Second, and Third Suits.

6

## III. LAW & ANALYSIS

Defendants move to dismiss Kiggundu's claims in the Pending Suit under Rule 12(b)(6), contending the claims are barred by res judicata based on the District Court judgment in the First Suit. Defendants also request sanctions be imposed on Kiggundu as a vexatious and frivolous litigant. The Court addresses whether Kiggundu's claims are barred by res judicata, and then turns to Defendants' request for sanctions.

A.  *Res Judicata*

Defendants contend Kiggundu's claims in the Pending Suit are barred by res judicata based on the final judgment in the First Suit. When a prior action is brought in federal court under federal question jurisdiction and a second action is brought under diversity jurisdiction, the federal law of res judicata applies. *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 718 (5th Cir. 1975); *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 243 n.2 (5th Cir. 1983). Because the First Suit was filed in federal court and the Pending Suit was removed from state court under diversity jurisdiction, the Court applies the federal law of res judicata in the Pending Suit. Under federal law, res judicata requires the proof of four elements: "(1) the parties in both the prior suit and the current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits."

*Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). The Court addresses each element in turn.

First, parties are identical or in privity for res judicata purposes when the parties to be bound and a party to the previous judgement have a pre-existing "substantive legal relationship." *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008). It is undisputed that BONYM[4] was a party to the First Suit. Bayview was not a party to the First Suit. However, it is undisputed that Bayview was a party to the Second Suit and that Bayview is the loan servicer on behalf of BONYM for the Note. The Court therefore finds the relationship between BONYM and Bayview establishes that they are in privity for purposes of res judicata. *See Bellot v. Wells Fargo Bank, N.A.*, No. H-13-2014, 2014 WL 2434170, at *5 (S.D. Tex. May 29, 2014) (Harmon, J.) (finding that a loan servicer and holder of a Note are in privity for purposes of res judicata).

Second, it is undisputed that the summary judgment entered in the First Suit was entered by a court of competent jurisdiction—the United States District Court for the Southern District of Texas.[5]

---

[4] BONYM and Bayview allege that the trust in the Second Suit is the same trust as in the Pending Suit. *Defendants' Motion to Dismiss and Motion for Sanctions*, Document No. 6 at 8, ¶ 20. Kiggundu does not dispute that the two trusts are the same.

[5] The Court notes that the Second and Third Suits were dismissed on res judicata grounds because of the final judgment in the First Suit.

Third, "a dismissal with prejudice is a final judgment on the merits." *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003). On June 30, 2011, the District Court granted summary judgment in the First Suit in favor of First Suit Defendants and issued a final judgment dismissing with prejudice all claims brought by Kiggundu.[6] The Court therefore finds the summary judgment entered by the District Court in the First Suit was a final judgment on the merits.

Fourth, res judicata bars a suit on the same cause of action for all issues that could have been litigated in the first proceeding, not only the issues raised in the first proceeding. *Johnson v. United States*, 576 F.2d 606, 611 (5th Cir. 1978). The First Suit and the Pending Suit both arise out of an alleged foreclosure of the Property and contain causes of action based on Kiggundu's allegations regarding BONYM's rights under the Note and Deed of Trust. The Court therefore finds the Pending Suit is based on the same claims that were raised or could have been raised in the First Suit. Thus, res judicata bars Kiggundu's claims in this case. Accordingly, Defendants' motion to dismiss is granted.[7]

---

[6] *See Defendants' Motion to Dismiss and Motion for Sanctions*, Document No. 6, Exhibit A (*Memorandum and Order dated June 30, 2011*).

[7] Defendants also contend Kiggundu's claims should be dismissed because they are barred by collateral estoppel. In light of the Court's holding, however, the Court need not address this contention.

9

*B.     Sanctions*

Defendants request sanctions against Kiggundu in the form of attorney's fees and a pre-filing injunction, contending Kiggundu is a vexatious litigant. District courts are vested with broad discretion in determining whether to levy sanctions and what kind of sanctions are appropriate. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). Rule 11 of the Federal Rules of Civil Procedure permits courts to sanction any attorney, represented party, or pro se litigant who signs a pleading without first conducting a reasonable inquiry into relevant facts and law. Fed. R. Civ. P. 11; *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 541–42 (1991). "Rule 11 prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support." *L.F. v. Houston Indep. Sch. Dist.*, 2009 WL 3073926, at *23 (S.D. Tex. Sept. 21, 2009) (Rosenthal, J.) (internal quotations omitted). When assessing sanctions, the Court has an obligation to employ the least severe sanction adequate to deter future misconduct. *L.F.*, 2009 WL 3073926, at *24 (citing *Topalian v. Ehrman*, 3 F.3d 931, 938 (5th Cir. 1993)). "This Court is authorized to enjoin future filings when necessary to deter vexatious filings which clog the judicial machinery with meritless litigation or are a flagrant abuse of the judicial process." *Kaminetzky v. Frost Nat'l Bank*, 881 F. Supp. 276, 278 (S.D. Tex. 1995) (Hittner, J.). In *Kiggundu v. CWHEQ, Inc.*, No. A-16-CA-242-SS, 2016

10

WL 6534270, at *6 (W.D. Tex. Nov. 2, 2016) (Sparks, J.), the court assessed sanctions against Kiggundu because Kiggundu filed "duplicative suits" without "a good faith basis for pursuing [the] litigation." *Kiggundu*, 2016 WL 6534270, at *6.[8]

In assessing the type of sanction to levy, the Court considers Kiggundu's history in the Southern District of Texas, where two of his cases have previously been dismissed, as well as his history in the Western District of Texas, where he has previously been sanctioned for making baseless arguments. Kiggundu has repeatedly filed lawsuits against Defendants or their associates in connection with the foreclosure of the Property. Kiggundu filed the Pending Suit with knowledge that the final judgment rendered in his First Suit barred his Second and Third Suits by res judicata. The Pending Suit is the fourth suit Kiggundu has initiated concerning the foreclosure of the Property. The Court therefore finds sanctions in the form of attorney's fees and a pre-filing injunction are appropriate to deter Kiggundu from continuing to file meritless lawsuits. Kiggundu is thus enjoined from proceeding in any subsequent litigation filed in the Southern District of Texas without prior approval from the Chief Judge of the Southern District of Texas. *See K.F. v. Houston Indep. Sch. Dist.*, No. H-11-3834, 2013 WL 12113195, at *9 (S.D. Tex. Feb. 26,

---

[8] Specifically, Judge Sparks in the Western District granted the following sanctions: (1) Plaintiff must pay Defendants' attorneys' fees and (2) Plaintiff is barred from filing any lawsuits in the Western District of Texas without seeking leave of the Chief Judge of that District or from the Fifth Circuit Court of Appeals. *Kiggundu*, 2016 WL 6534270, at *6.

11

2013) (Hittner, J.) (imposing a pre-filing injunction on a plaintiff who had previously been sanctioned for filing meritless lawsuits); *see also Revels v. Thaler*, No. 7:12-CV-196-O-BL, 2012 WL 6062692, at *1 (N.D. Tex. Dec. 6, 2012) (O'Connor, J.) (finding the imposition of a pre-filing injunction appropriate for a plaintiff previously sanctioned for "his persistence in filing frivolous lawsuits and abusing the judicial process"). Accordingly, Defendants' request for sanctions is granted.[9]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 6) is **GRANTED**.[10] The Court further

**ORDERS** that Defendants may submit requests for attorney's fees.

The Court will issue a separate final judgment and a separate order of sanctions and preclusion.

---

[9] The Court notes Kiggundu also requests sanctions against Defendants. *Plaintiff's Response to Defendant's Motion to Dismiss and Motion for Sanctions*, Document No. 9, at 14–15, ¶¶ 27–28. Having considered the request, submissions, and applicable law, Kiggundu's request for sanctions is denied.

[10] Also pending before the Court is Request for Production Pursuant to Federal Rules of Civil Procedure 34 (Document No. 15). In light of the Court's Order, however, the request is denied as moot.

SIGNED at Houston, Texas, on this **14** day of March, 2019.

_____
DAVID HITTNER
United States District Judge